# Switland *against* Holgate.

It is error in a court to permit a jury to pass upon a matter of fact of which there is no evidence.

ERROR to the common pleas of *Luzerne* county.

Reuben Holgate against William Switland. The plaintiff's action was founded upon the following facts: James and Reuben Holgate had obtained a judgment before a justice, against Peter Shaffer, for 100 dollars, upon which an execution issued and was delivered to constable Seagreaves, who levied upon the personal property of the defendant, whereupon the following paper was made and handed to the constable:

" Mr. SEAGREAVES,

" Sir,—If you will let the execution against Peter Shaffer rest until next week, we will get the cash out of the bank, and pay it.
    *May* 8, 1833.                                    W. SWITLAND."

The constable took the paper to Reuben Holgate, who agreed that it should be received and the execution stayed. This suit is brought on that paper. The defendant contended that the plaintiff was not entitled to recover for several reasons: That if the writing on which the action was founded, was a contract at all, it was with Seagreaves, to whom it was addressed. That it was illegal, because a contract with an officer to neglect his duty. That the original judgment being in the name of James and Reuben Holgate, this action cannot be maintained by Reuben alone.

The court answered, that if the fact was that the contract was

VIII.—2 H*

with the constable, the plaintiff could not recover for both reasons assigned by the defendant, but that the fact did not appear to be so; that the constable submitted the paper to the plaintiff, who approved of it; the contract was therefore with him. And as to the last point, the court submitted it as a matter of fact to the jury to determine whether James Holgate was interested in the original judgment; if he were, then the plaintiff could not recover, but if Reuben alone owned the judgment, then he alone was entitled to recover.

*Maxwell,* for plaintiff in error.
*Woodward, contra.*

The opinion of the Court was delivered by

KENNEDY, J.—No error has been shown in the record of this case, excepting in the matter embraced by the fourth error assigned, which raises the question, was any evidence given on the trial of the cause, which made it proper in the court to leave it to the jury as a question of fact to be decided by them, whether Reuben Holgate, the plaintiff below, was not the only person interested in and entitled to receive the moneys, when made, which were directed to be levied under the execution sued out upon the judgment in favour of James and Reuben Holgate, for the use of John Bowman, against Peter Shaffer, and put into the hands of James Seagreaves, as constable at the time, to be executed? Seagreaves, in receiving the note in writing from Switland, containing the promise for a breach of which this suit was brought, must be regarded as standing in the place of an agent for the person or persons who were entitled at the time to receive the money, when collected, upon the execution. It is clear from the evidence of Seagreaves, too, that he considered himself as acting in that character, in every thing that he did in regard to it. He took no responsibility upon himself in granting the stay of any further proceeding on the execution, as was requested by the plaintiff in error in his note, but presented it immediately to Reuben Holgate, whom, it would seem, he looked upon as the party entitled to receive the money, in order to have his advice and direction whether the request should be acceded to or not; and that upon receiving the assent of Holgate to let the execution rest, as requested by the plaintiff in error, he immediately communicated to the latter that his proposal, in this respect, was agreed to. The plaintiff in error, then, not having revoked his proposal, nor expressed any thing but a willingness still to abide by it, when it was made known to him by the constable, that it was agreed to and accepted of by the plaintiffs in the execution, became absolutely bound for the payment of the amount of money directed to be levied under it, provided a cessation to proceed further therein, until the close of the following week, took place, and should be duly observed by the plaintiffs in the execution. Then, from the evidence given on the trial, let us see who are the persons

that are to be considered as the plaintiffs in the execution, and as such entitled to receive the moneys directed to be made under it. It is obvious, that unless James Holgate had previously, in some way, parted with his right thereto, he must be considered as jointly entitled with Reuben Holgate to receive it; and if so, the present action ought to have been brought in their names jointly, as the plaintiffs. The promise of the plaintiff in error must be deemed in law, in such case, as having been made to them jointly and enuring to their joint benefit. And so the court below considered the law, and instructed the jury accordingly, if they should find the fact to be that James and Reuben were jointly interested in the execution. But then the court left it to the jury also to determine whether Reuben Holgate alone, was not entitled to receive the whole of the money, when made upon the execution, for his sole benefit. In this we think there is manifest error, because there was no evidence whatever, not even a spark given, tending to show that Reuben Holgate had an exclusive claim or right to the money. The evidence showed, beyond the possibility of doubt, that James and he were entitled to it jointly; and without some evidence had been given going to show that James had parted with his right thereto to Reuben, it was wrong in the court to leave it to the jury to decide so. The circumstance of Reuben having the note in his possession, upon which the judgment was obtained whereon the execution was issued, did not in the slightest degree tend to prove an exclusive right in him to the whole amount of it, because it was impossible, from the nature of the thing, that each of them should have the note in his actual possession at the same time; it could only be in the actual possession of the one or the other; and whether the one or the other had it, it made no difference; the note on its face showed that the money mentioned in it was coming to both alike, and was to be so considered until the contrary was made to appear. Reuben's giving the note, therefore, in charge to Bowman to collect the money due upon it, was perfectly consistent and reconcilable with James being a joint owner in it with himself; he having the actual possession of the note, had a right to receive the whole of the money due upon it, or to employ another for that purpose, but nothing of this kind could divest James Holgate of his right to his proportion of the money when collected or received. The testimony, therefore, of Bowman, who received the note from Reuben for collection, proves nothing but his own supposition that Reuben was the owner of the note, because he employed him to collect it; which was perfectly consistent with James Holgate's still having a subsisting interest in it; and only goes to show Bowman had no good ground for making the supposition he did in regard to the ownership of the note. The judgment must therefore be reversed, and a *venire de novo* awarded, so that if Reuben has it in his power to show, on a second trial, that he was entitled to receive, for his own use, the whole of the

money mentioned in the execution, at the time of the plaintiff in error's promise, he may do so, and thus entitle himself to recover; but if he can not make such proof, he must fail in this action.

Judgment reversed, and a *venire de novo* awarded.